UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| Kristie Gordon, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 3:16-cv-237 |
| | ) |
| Cavalry SPV I, LLC, and | ) |
| Lloyd & McDaniel., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendants to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendants are debt collectors. While acting as debt collectors, Defendants attempted to collect a consumer debt from Plaintiff. In so doing, Defendants violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendants, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4.  Plaintiff Kristie Gordon ("Gordon") is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt.

5.  Defendant Lloyd & McDaniel PLC ("Lloyd") is a Kentucky law firm that acts as a debt collector as defined by § 1692a of the FDCPA because it regularly collects, or attempts to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Lloyd was acting as a debt collector as to the debt it attempted to collect from Gordon.

6.  Defendant Cavalry SPV I, LLC (hereinafter referred to as "Cavalry") is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Cavalry is a debt collector and buyer of defaulted consumer debt. Cavalry regularly attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Cavalry was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Gordon..

7.  Cavalry is authorized to conduct business in Indiana and does maintain a registered agent here. Cavalry conducts business in Indiana.

8.  Cavalry acts as a collection agency as that term is defined in I.C. 25-11-1-1(b).

9.  Cavalry is licensed as a debt collection agency in the State of Indiana, under I.C. 25-11-1-1 and acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

10. The Plaintiff incurred a debt that was primarily for personal, family, or household purposes as defined by §1692a(5).

11. The debt owed by Plaintiff went into default.

12. After the debt went into default, the debt was placed with or otherwise transferred to Cavalry for collection.

13. The Plaintiff disputes the debt.

14. On or about April 13, 2015, Cavalry, by its counsel, Lloyd, filed a collection lawsuit against Gordon in the Gibson County Superior Court under cause number 26D01-1504-CC-0079.

15. On July 21, 2015, a default judgment was entered in the state court collection case.

16. On October 6, 2015, a hearing on Cavalry's motion for proceedings supplemental was conducted in the state court matter.

17. At the October 6, 2015 hearing, Gordon advised the state court and Cavalry's counsel that she was disabled, that her only source of income was social security, and that she had been on disability for several years.

18. At the October 6, 2015 hearing, the state court ordered Gordon to provide verification of the funds deposited into her bank account, which had previously been frozen by Cavalry.

19. At the conclusion of the October 6, 2015 hearing, the state court scheduled another hearing for November 6, 2015.

20. On October 6, 2015, Gordon filed with the Court the requested bank statement showing that social security was the sole source of funds deposited into her account.

21. On October 7, 2015, the state court found that Gordon had no assets subject to attachment and vacated the November 6, 2015 hearing.

22. On October 21, 2015, the state court entered an order releasing Gordon's bank account, which had been previously frozen.

23. Despite the state court having ordered the release of Gordon's bank account and knowing that Gordon's only source of income was social security, Cavalry, by its counsel, Lloyd, attempted to collect the debt from Gordon by submitting a Final Order of Attachment to the state court on December 2, 2015.

24. Despite having knowledge of Gordon's situation, Cavalry, by its counsel, Lloyd, again attempted to collect the debt by filing a Motion for Proceedings Supplemental on June 24, 2016.

25. In its ongoing efforts to collect the debt from Gordon, Cavalry, by its counsel, Lloyd, submitted, on or about June 24, 2016, interrogatories to Gordon's bank seeking to freeze Gordon's bank account and to attach the funds in that account even though they had previous knowledge that the only funds in that account were Gordon's social security disability benefits.

26. The state court scheduled a hearing on the Motion for Proceedings Supplemental for August 16, 2016.

27. On July 25, 2016, after receiving the Order to Appear for the August 16, 2016 hearing, Gordon contacted Lloyd and requested to speak to Joshua DeRenzo, an attorney employed by Lloyd and one of Cavalry's counsel of record in the state court matter.

28. Gordon was transferred to a gentleman who identified himself as Brad.

29. Gordon once again informed Lloyd's representative that she was disabled and that her only income was social security disability.

30. Lloyd's representative threatened Gordon that her bank account would be frozen until she paid the debt in full.

31. Lloyd's representative also asked Gordon how much rent she paid each month. When Gordon asked why he wanted to know the amount of her monthly rent, he responded: "[I]f you have money to pay rent, you have enough money to pay us."

32. Lloyd's representative then asked Gordon how much social security she received each month. Gordon asked why he wanted to know and he responded: "[I] need to calculate how much you need to pay."

33. Gordon informed Lloyd's representative that her social security benefits were only $686.55 per month.

34. At the hearing on August 16, 2016, the state court found that Cavalry's June 24, 2016 filing was substantially similar to the filing in September 2015.

35. Gordon has been confused, concerned and worried about the false information and threats that Cavalry gave and made via its counsel, Lloyd.

36. Gordon retained the services of the undersigned counsel regarding these matters.

37. Gordon has incurred costs and expenses consulting with her attorneys as a result of Defendants' collection actions.

38. Gordon suffered a financial loss as a result of Defendants' collection actions.

39. Gordon was unfairly misled by Defendants' collection actions.

40. All of defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

41. Defendants' collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692e OF THE FDCPA - FALSE OR MISLEADING REPRESENTATIONS

42. Plaintiff adopts and realleges Paragraphs 1 – 41.

43. § 1692e of the FDCPA prohibits debt collectors from using false representations and deceptive means to collect a debt. *See*, 15 U.S.C. § 1692e.

44. By attempting to freeze and attach Gordon's bank account when they knew her only source of income and funds was social security disability, Defendants violated § 1692e of the FDCPA.

45. By threatening to freeze Gordon's bank account until the debt was paid in full when they knew that her only source of income and funds was social security disability, Defendants violated § 1692e of the FDCPA

46. Defendants' violation of §1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

47. Defendants' violation of §1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

48. Plaintiff adopts and realleges Paragraphs 1 – 47.

49. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

50. By threatening Gordon that her bank account would be frozen when they knew that her only source of income and funds was social security disability, Defendants violated § 1692f of the FDCPA.

51. Defendants' violations of §1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kristie Gordon respectfully requests that the Court find that the Defendants violated the FDCPA and enter judgment against Defendants Cavalry SPV 1, LLC and Lloyd & McDaniel PLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn (15377-49)
Bradburn Law Firm
92 South 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: fdcpalawatty@gmail.com